**Darlene LEWIS, Plaintiff,**

v.

**HARPER HOSPITAL, Defendant.**

No. 02–CV–72252–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 23, 2002.

Paul R. Adams, Jackson, MI, for plaintiff.

James F. Hermon, Detroit, MI, for defendant.

## OPINION

DUGGAN, District Judge.

Plaintiff Darlene Lewis filed this action against Defendant Harper Hospital alleging violations of Michigan's Elliott–Larsen Civil Rights Act (ELCRA), Michigan's Persons with Disabilities Civil Rights Act (PDCRA), Title VII of the Civil Rights Act of 1964, and the Family Medical Leave Act (FMLA). Defendant has filed a motion for stay of discovery pending outcome of its motion for summary judgment. Plaintiff concurs in the motion for stay of discovery. A hearing was held on December 5, 2002. For the reasons stated below, Defendant's Motion for Summary Judgment shall be granted in part and denied in part.

### Background

Plaintiff alleges that she was terminated due to her pregnancy in violation of state and federal law. At or near her time of hire, Plaintiff signed an Acknowledgment and Acceptance of Employment form ("the Acknowledgment"). Paragraph two of the Acknowledgment reads:

> I agree that I shall not commence any action or other legal proceeding relating to my employment or the termination thereof more than six months after the event complained of and I voluntarily waive any statue [sic] of limitations to the contrary;

(Def.'s Mot. Exhibit 1). The only issue before the Court is whether this clause requiring Plaintiff to file suit within six months bars Plaintiff's claims.

Defendant believes it is entitled to summary judgment because contractual agreements limiting statutes of limitations are enforceable under Michigan and federal law and Plaintiff's failure to file suit within six months of her termination bars her claims. Plaintiff argues that the waiver of statute of limitations is unenforceable un-

der federal law, and that under Michigan law, the waiver is invalid because "it was not made knowingly, intelligently and voluntarily as required under basic contract principles." (Pl.'s Resp. at 1).

Plaintiff was hired in October, 1999. Her employment was terminated on May 24, 2001 and she filed a charge of discrimination with the Michigan Department of Civil Rights on December 5, 2001. This charge was received by the U.S. Equal Employment Opportunity Commission (EEOC) on January 3, 2002. A right to sue letter dated March 5, 2002, was issued to Plaintiff and on June 3, 2002, Plaintiff filed suit.

### Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which establish the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. 2548. If the nonmoving party fails to make a showing sufficient to establish an essential element of his claim, summary judgment is

appropriate. *Celotex*, 477 U.S. at 322–24, 106 S.Ct. 2548.

### Discussion

Plaintiff concedes that contractual agreements limiting the amount of time in which an employee can bring suit against an employer are legally enforceable under Michigan law as long as they are reasonable, and the waiver of statutory rights is valid. However, Plaintiff argues that her waiver was invalid because it was not made knowingly and voluntarily. Furthermore, Plaintiff contends that such agreements are not valid under federal law and "as a matter of Public Policy should not be enforced." (Pl.'s Resp. at 4).

### I. Whether the Limitation of Action Clause is Valid Under Federal Law

■ Congress created the EEOC and established an administrative procedure under Title VII in order to provide the EEOC with "an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party [is] permitted to file a lawsuit." *Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 368, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977). Filing a charge with the EEOC and obtaining a "right to sue" letter are prerequisites to filing a Title VII suit in federal court. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031–32 (6th Cir.1998). In deferral states[1], such as Michigan, claimants have 300 days to file with the EEOC provided they have "instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e–5(e)(1).

Filing a charge informs the EEOC of possible discrimination. *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d

---

1. A deferral state is one which has a state agency with "authority to administer state civil rights laws that prohibit unlawful employment practices." *Smith v. Chrysler Financial Corp.*, 101 F.Supp.2d 534, 543 (E.D.Mich.2000).

448, 455 (6th Cir.1999). Pursuant to 42 U.S.C.2000e–5(b), the EEOC investigates all charges and if it determines that there is "not reasonable cause to believe that the charge is true," the charge is dismissed. However, if there is reasonable cause to believe the charge is true, the EEOC "shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C.2000e–5(b). If informal methods fail, the EEOC may, under 42 U.S.C. § 2000e–5(f), bring a civil action "against any respondent not a government, governmental agency, or political subdivision named in the charge."

In addition to the EEOC's ability to bring suit, individual victims of employment discrimination may pursue a private cause of action under Title VII. *Frank's Nursery*, 177 F.3d at 455. However, an individual may not file suit under Title VII without a right to sue letter from the EEOC. *Id.* at 456. If, after investigation, the EEOC finds "reasonable cause" to believe an employer has violated Title VII, but chooses not to file suit on behalf of the federal government, the EEOC will issue a "notice of right to sue" to the aggrieved party. *Id.* Or, if the EEOC fails to make a "reasonable cause" finding after 180 days, the aggrieved party may request a right to sue letter. *Frank's Nursery*, 177 F.3d at 456. Under this procedure then, the EEOC maintains exclusive jurisdiction over the subject matter of the charge for 180 days after the filing of the charge. *Id.* at 456.

Were this Court to uphold the six month limitation of action clause as to Plaintiff's Title VII claim, the EEOC's period of exclusive jurisdiction would have the effect of abrogating Plaintiff's ability to bring a Title VII suit. At least one other federal court has employed similar reasoning in finding that a clause in an employment application imposing a six month statute of limitation is unreasonable as to a claim under the Americans with Disabilities Act where plaintiff could not "legally file suit until six months had elapsed from the filing of her administrative charge." *Salisbury v. Art Van Furniture*, 938 F.Supp. 435, 437–38 (W.D.Mich.1996).

Defendant cites case law wherein employees have contracted away "particular rights conferred upon them by Title VII." (Def.'s Reply at 1). In particular, Defendant cites *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), for the proposition that employees can agree to submit statutory discrimination claims exclusively to arbitration. (Def.'s Reply at 1). Defendant's reliance on this case is misplaced. While arbitration ultimately leads to resolution of the complaint, the effect of the limitation clause at issue could ultimately leave Plaintiff without redress given the EEOC filing requirements.

For the reasons stated above, the Court denies Defendant's motion for summary judgment on the Title VII claim.

■ Although not specifically addressed by either party in the briefs, the Court finds that the six month limitation clause is not enforceable as to Plaintiff's FMLA claims. Under 29 C.F.R. § 825.220(a)(1), employers are prohibited "from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act." In addition, under 29 C.F.R. § 825.220(d), "[e]mployees cannot waive, nor may employers induce employees to waive, their rights under FMLA." The Court is satisfied that imposing a six month statute of limitation is an interference with employees' rights under the FMLA where the statute of limitations is

either two or three years.[2]

## II. Whether the Limitation of Action Clause is Valid Under State Law

█ In *Timko v. Oakwood Custom Coating, Inc.*, 244 Mich.App. 234, 625 N.W.2d 101 (2001), the Michigan Court of Appeals affirmed a trial court's granting of summary disposition under nearly identical circumstances. In *Timko*, Plaintiff, an at-will employee, signed a form labeled "Authorization and Understanding." The form stated in bold print:

> I agree that any action or suit against the firm arising out of my employment or termination of employment, including, but not limited to, claims arising under State or Federal civil rights statutes, must be brought within 180 days of the event giving rise to the claims or be forever barred. I waive any limitation period to the contrary.

*Id.* at 236, 625 N.W.2d 101. Plaintiff then filed suit under Michigan's Elliott–Larsen Civil Rights Act alleging unlawful age discrimination more than 180 days after he was terminated. The trial court granted summary disposition for defendant finding the 180 day limitation period to be reasonable. *Id.* at 237, 625 N.W.2d 101.

The Michigan Court of Appeals affirmed reasoning that "no inherent unreasonableness accompanies a six-month period of limitation." *Id.* at 242, 625 N.W.2d 101. Further, the court stated "[w]e find that in this case the 180–day period of limitation afforded plaintiff adequate time to investigate and file his age discrimination claim." *Id.* at 242, 625 N.W.2d 101.

## III. Whether Plaintiff's Waiver of the Statute of Limitation on State Law Claims Was Knowing, Intelligent and Voluntary

Plaintiff argues that her waiver of the statute of limitation was not knowing, intelligent, and voluntary because Defendant never explained the Acknowledgment to her and she was never given a copy of the Acknowledgment. (Pl.'s Resp. at 10). In addition, Plaintiff argues that "[s]he had no idea what her rights were, and certainly no idea of what rights she was giving up." (Pl.'s Resp. at 10). However, at the summary judgment hearing on December 5, Plaintiff's counsel was unable to point to any evidence to support Plaintiff's claim that the waiver was not knowing, intelligent, and voluntary.

In *Myers v. Western–Southern Life Ins. Co.*, the Sixth Circuit affirmed the district court's ruling of summary judgment in favor of defendant based on a similar statute of limitation clause contained in an employment contract.[3] 849 F.2d 259 (6th Cir. 1988). In *Myers*, the plaintiff brought suit under Michigan's Elliott–Larsen Civil Rights Act and the Michigan Handicappers' Civil Rights Act sixteen months after the date of his termination. *Id.* at 260. On appeal, plaintiff argued that the six month limitation provision in his contract was void as contrary to public policy when applied to his civil rights claims. *Id.* In addition, plaintiff argued that his waiver of the statute of limitation was not knowing and voluntary. *Id.* at 262. The Sixth Circuit rejected both arguments.

---

**2.** Under the FMLA, the statute of limitations is two years; for willful violations, the statute of limitations is three years. 29 U.S.C. § 2617(c)(1)-(2).

**3.** In *Myers*, the clause at issue read: "You agree: Not to commence any action or suit relating to your employment with Western–Southern more than six months after the date of termination of such employment, and to waive any statute of limitation to the contrary." *Id.* at 260.

The Sixth Circuit noted that "Michigan courts have upheld provisions in private contracts limiting the time within which a suit must be brought, even though the period specified is less than the applicable statute of limitations, as long as the contractual limitation is reasonable." *Id.* at 260 (citations omitted). The Sixth Circuit found the six month limitation period to be reasonable under the rule set out by the Michigan Supreme Court in *Camelot Excavating Co., Inc. v. St. Paul Fire & Marine Insurance Co.,*[4] 410 Mich. 118, 127, 301 N.W.2d 275, 277 (1981),[5] and rejected plaintiff's public policy argument.

The Sixth Circuit also rejected plaintiff's argument that the waiver was not knowing and voluntary. First, the court noted that the contractual language was clear and "if [plaintiff] believed that the terms were unreasonable, he clearly had the option of not signing the agreement." *Myers,* 849 F.2d at 262. Second, the court stated that "the only evidence of compulsion is [plaintiff's] conclusionary affidavit to that effect." *Id.* at 262.

Like the clause at issue in *Myers,* the language at issue in the case at bar is sufficiently clear. There is nothing vague or technical about the requirement that Plaintiff "not commence any action or other legal proceeding relating to [her] employment or the termination thereof more than six months after the event complained of." Plaintiff's counsel acknowledged at the summary judgment hearing that the language is clear and that there is no evidence that Plaintiff did not read the clause. In addition, there is no evidence that Plaintiff read the clause but did not understand it. Under these facts, the Court is satisfied that the waiver at issue was knowing, intelligent, and voluntary. As such, Defendant is entitled to summary judgment on the Elliott–Larsen and PDCRA claims.

### Conclusion

For the reasons set forth above, Defendant's motion for summary judgment shall be granted as to Counts IV and V (Elliott–Larsen Act), and Count VI (PDCRA). Defendant's motion for summary judgment on Counts I (FMLA), II and III (Title VII), shall be denied. An Order consistent with this Opinion shall issue.

---

4. Although *Camelot* is factually distinct in that it is not an employment discrimination case, Michigan courts utilize its test for reasonableness when analyzing whether clauses limiting time for bringing actions in employment contracts are reasonable. *See e.g., Timko v. Oakwood Coating, Inc.,* 244 Mich.App. 234, 625 N.W.2d 101 (2001); *Wright v. DaimlerChrysler Corp.,* 220 F.Supp.2d 832 (E.D.Mich.2002).

5. In *Camelot,* the Michigan Supreme Court defined reasonableness in this context. "The boundaries of what is reasonable under the general rule require that the claimant have sufficient opportunity to investigate and file an action, that the time not be so short as to work a practical abrogation of the right of action, and that the action not be barred before the loss or damage can be ascertained." *Id.* at 127, 301 N.W.2d 275.