NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0689n.06
Filed: September 14, 2006

Nos. 04-6493, 05-5544, 05-5736

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| THOMAS M. BATES, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| 84 LUMBER COMPANY, L.P., | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GIBBONS, GRIFFIN, and BRIGHT, Circuit Judges.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Thomas M. Bates ("Bates") threatened to sue

84 Lumber Company ("84 Lumber" or "the Company") after the Company terminated him in

suspicious proximity to his exercise of his rights under the Family Medical Leave Act ("FMLA").

The Company responded with a preemptive suit for declaratory judgment in the United States

District Court for the Eastern District of Kentucky, seeking a declaration that a limitations provision

in the Company's arbitration agreement time-barred any claim that Bates could bring against it.

Bates filed his own suit in the same court, claiming that 84 Lumber violated the FMLA and various

state laws by terminating him. The Company filed several motions. It filed a motion to dismiss, a

motion to enjoin Bates's suit, a motion to reconsider denial of its motion for a preliminary

_____

[*] The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting
by designation.

1

injunction, a motion to compel arbitration, a motion to stay Bates's suit pending arbitration, and a motion to stay Bates's suit pending its interlocutory appeal. Every motion relied on the limitations provision in the Company's arbitration agreement. Bates filed a motion to dismiss. The district court initially consolidated the cases for briefing purposes and ultimately consolidated them for all purposes. The district court denied each motion and sanctioned 84 Lumber and later its counsel for the Company's litigation strategy. The Company and its counsel took three separate appeals, which were consolidated before this court. We affirm the district court's denial of the motion for preliminary injunction and conclude that we lack jurisdiction over the two remaining appeals.

I.

Bates accepted employment with 84 Lumber on or about November 1, 1999. He was hired as a part-time yard worker, but he was promoted to the position of Manager Trainee in July 2000. When Bates began working for 84 Lumber and when he received his promotion, he was not required to sign any documents related to his employment with 84 Lumber. Later, however, at an "84 University" training session mandated for all employees on May 8, 2001, 84 Lumber requested that Bates sign a number of documents. Among those documents was the 84 Lumber Dispute Resolution Program. Bates signed this document and inserted his social security number in the appropriate space. By doing so, Bates agreed to a "Time Limitation" on any legal claims related to his employment that he might bring against 84 Lumber. The "Time Limitation" provides:

> To promote the timely resolution of disputes, the Associate agrees that he or she must initiate arbitration within six (6) months of the time the claim accrued or, in the alternative, when the Associate became aware of it. 84 and Associates agree that failure to initiate arbitration within this six (6) month limitation period will constitute an absolute bar to the institution of any proceedings and a waiver of the claimed wrongful action. A written agreement between the parties to submit the dispute to mediation shall toll the time limitation period until fifteen (15) days after the date of which either Party gives written notice to the other

2

Party that the mediation has concluded.

The "Time Limitation" later was invoked by 84 Lumber when Bates threatened to sue 84 Lumber for violating the FMLA and state laws prohibiting unfair employment practices. Bates claims that 84 Lumber wrongfully terminated him in October 2002. Bates had taken family medical leave from September 21, 2002 until October 8, 2002 because his father was suffering from a serious illness. Bates took this leave despite two alleged warnings from his supervisors that exercising his rights under the FMLA would result in his firing by 84 Lumber. After he returned from family medical leave, on November 12, 2002, Bates was indeed fired, following reassignment of his job responsibilities to a new employee and other allegedly improper conduct by 84 Lumber. More than six months after his termination and without initiating arbitration, Bates threatened to sue 84 Lumber. In a letter to Bates's counsel, 84 Lumber invoked the "Time Limitation" on February 24, 2004—according to Bates, more than nine months after he issued his threat to sue.

The Company then went to federal court to enforce the "Time Limitation" against Bates and prevent suit by him. On March 11, 2004, it sought declaratory and injunctive relief from the United States District Court for the Eastern District of Kentucky. The Company asked the court to "declare that Bates [could] not bring an action for wrongful termination because he did not assert such a claim through an arbitration proceeding within six months and pursuant to [the] Dispute Resolution Procedure."

Bates ignored 84 Lumber's preemptive strike and sued his former employer on March 23, 2004—approximately sixteen months after 84 Lumber discharged him—in the Eastern District of Kentucky. He sought compensatory and punitive damages for alleged violations of the FMLA and state unfair wage and hour practices laws.

Because Bates filed his suit in the same court as 84 Lumber, 84 Lumber requested a status conference to determine how the separate cases would proceed in the same court. The district court granted the request. After holding the status conference, the district court consolidated Bates's and 84 Lumber's separate suits "for purposes of addressing the validity and enforceability of the limitations provision contained in the subject arbitration agreement."

After the cases were consolidated, Bates moved to dismiss 84 Lumber's action, arguing that the arbitration agreement and the limitations provision that it contained were unenforceable because they inhibited his substantive FMLA rights. 84 Lumber moved to dismiss, arguing that the arbitration agreement and the limitations provision were valid and enforceable because Bates voluntarily submitted to them and raised no objections to them during his employment with 84 Lumber.

The district court concluded that the limitations provision was not enforceable with respect to Bates's FMLA claim because it would affect Bates's substantive rights under the FMLA. It followed the only two reported decisions in the Sixth Circuit dealing with contractual limitations on employees's rights to sue under the FMLA. *Lewis v. Harper Hospital*, 241 F. Supp. 2d 769, 772 (E.D. Mich. 2002), held that a six-month limitation on the bringing of FMLA claims was invalid because it interfered with employees' rights under the FMLA, and *Henegar v. Daimler-Chrysler Corporation*, 280 F. Supp. 2d 680, 682 n.1 (E.D. Mich. 2003), followed *Lewis*. Because the district court held that the limitations provision was unenforceable, it denied 84 Lumber's motion to dismiss. It also denied Bates's motion to dismiss 84 Lumber's action because numerous factual disputes prevented it from concluding that the arbitration agreement was invalid *in toto* or that the limitations provision was invalid with respect to Bates's state law claims.

4

The Company moved the district court to reconsider its decision that the limitations provision was unenforceable with respect to Bates's FMLA claims. It argued that the *Lewis* decision on which the district court relied to reach its decision contravened Sixth Circuit precedent. The district court denied 84 Lumber's motion to reconsider after a hearing.

Because the district court permitted Bates's suit against 84 Lumber to proceed, 84 Lumber filed an answer to his complaint and a counterclaim. In its answer and counterclaim, 84 Lumber requested that the district court: (1) declare that the arbitration agreement and the limitations provision were valid; (2) declare that Bates's claims were time-barred by the limitations provision; (3) award 84 Lumber damages for Bates's breach of the arbitration agreement; and (4) enjoin Bates from pursuing his claims. 84 Lumber essentially reprised the arguments from its original complaint, motion to dismiss, and motion for reconsideration.

After filing its answer and counterclaim, 84 Lumber then moved for a preliminary injunction based on the merits of its counterclaim. Again, 84 Lumber argued that Bates should be enjoined from pursuing claims against it related to his former employment because the limitations provision was valid and enforceable, but it now cited in support a FMLA decision from this court, *Hoge v. Honda of Amer. Mfg., Inc.*, 384 F.3d 238 (6th Cir. 2004). The Company also asked the district court to stay the proceedings until an evidentiary hearing could be held on its motion for a preliminary injunction. The district court denied 84 Lumber's motion to stay the proceedings and scheduled a hearing on its motion for a preliminary injunction. At the hearing, the court characterized 84 Lumber's motion for a preliminary injunction as "an attempt to reargue an issue that's been addressed on two occasions by the Court." The district court advised 84 Lumber's counsel that it could impose sanctions on 84 Lumber under 28 U.S.C. § 1927 for unreasonably and vexatiously

5

multiplying the proceedings in the case. The district court explained that its "concern under Section 1927" was that it suspected that 84 Lumber was "attempting to make this case so expensive that the plaintiff can't afford to litigate it" because it kept "seeing the same issues raised again and again and again." The district court asked 84 Lumber's counsel if the motion for a preliminary injunction presented any issue that had not already been presented to the court. 84 Lumber's counsel represented that hearing evidence from witnesses involved in the case would present new issues, but the district court found that "the evidence that's been presented here is essentially the same arguments that were presented previously." Accordingly, the district court denied 84 Lumber's motion for a preliminary injunction.

From the denial of its motion for a preliminary injunction, 84 Lumber took an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1). Additionally, 84 Lumber moved the district court to stay the proceedings pending the appeal and, alternatively, to compel arbitration. The district court denied 84 Lumber's motion to stay the proceedings because 84 Lumber had "not demonstrated that *any* of the factors to be considered favor entry of a stay of [the] proceedings." Having addressed the enforceability of the limitations provision on numerous occasions, it did not believe that 84 Lumber's appeal had a likelihood of success. The district court also believed that 84 Lumber could not show that it would suffer irreparable harm if the stay were not granted, while Bates would suffer substantial injury, because of the delay of his suit, if the stay were granted. Finally, the district court believed that the public interest favored "a timely resolution of litigation" and "does not favor the trial tactics that 84 Lumber is using in this case." For those reasons, the district court denied the motion for a stay. It added:

> [I]t now clearly appears that the actions taken by 84 Lumber's counsel are in bad faith and

6

in violation of 28 U.S.C. § 1927. . . . [I]t appears . . . that 84 Lumber is now seeking to appeal what is, in essence, an interlocutory order (*i.e.*, the denial of its motion to dismiss) under the guise of 28 U.S.C. § 1292(a). 84 Lumber's motion for injunctive relief, following on the heels of this Court's denial of its motion for reconsideration was a transparent attempt to obtain reconsideration of an issue that has now been resolved in the Plaintiff's favor on *at least* three previous occasions (denial of motion to dismiss; denial of motion for reconsideration of motion to dismiss; and denial of motion for preliminary injunction.)

(internal record citations omitted). The district court postponed consideration of 84 Lumber's motion to compel arbitration until the parties fully briefed the issue and advised Bates to address in his brief whether 84 Lumber had waived its right to arbitrate by failing to exercise it earlier in the proceedings.

The parties provided the requested briefing on the motion to compel arbitration, and Bates filed a motion for excessive costs pursuant to 28 U.S.C. § 1927. The district court granted Bates's motion and ordered 84 Lumber to pay $6,741 in attorney's fees and $230.18 in postage, copying, and travel expenses incurred by Bates as a result of 84 Lumber's duplicative preliminary injunction motion. The district court also granted 84 Lumber's motions to compel arbitration and stay the litigation, but both grants were conditioned on the payment of the excessive fees and costs.

The Company appealed the district court's conditional grant of its motion to compel arbitration but complied with the court order by moving to deposit the excessive costs and tendering a check to the clerk of court. The Company, however, requested that the district court postpone disbursement of the excessive costs until this court resolved the appeal. Bates did not request disbursement of the excessive costs, but he did move for the award of additional fees under 28 U.S.C. § 1927.

The district court responded to Bates's motion for additional fees and 84 Lumber's motion to deposit by modifying the order that 84 Lumber had appealed. The district court denied Bates's

7

motion for additional fees and required 84 Lumber's counsel, instead of 84 Lumber, to pay Bates's excessive costs. The district court, however, left the payment of Bates's excessive fees as a condition on the compelling of arbitration and the staying of the litigation.

The Company's counsel appealed the modification that ordered counsel, instead of 84 Lumber, to pay Bates's excessive fees. The Company joined the appeal because the fee condition remained on the order granting the motion to compel arbitration and the stay. We consolidated this appeal with 84 Lumber's original appeal from the order conditionally compelling arbitration and staying the proceedings and with 84 Lumber's interlocutory appeal from the denial of a preliminary injunction.

## II.

### A.

We turn first to the appeal of the denial of a preliminary injunction. Our jurisdiction over this appeal is based on 28 U.S.C. § 1292(a)(1).

"In deciding whether to grant a preliminary injunction, a district court must consider and balance four factors: (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). "This court will review a district court's grant or denial of a preliminary injunction for an abuse of discretion." *Allied Sys., Ltd. v. Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm.*, 179 F.3d 982, 985-86 (6th Cir. 1999). A district court abuses its discretion only if "it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly

erroneous findings of fact." *Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997). Therefore, we review the district court's legal conclusions *de novo* and its factual findings for clear error, *Taubman Co. v. Webfeats*, 319 F.3d 770, 774 (6th Cir.2003), being mindful that a district court's "weighing and balancing of the equities should be disturbed on appeal only in the rarest of cases." *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989)).

**1. Likelihood of Success on the Merits**

"In reviewing the first factor, the probability of success on the merits, we must determine whether the district court correctly estimated the legal strength of" 84 Lumber's counterclaim. *Blue Cross & Blue Shield Mut. of Oh. v. Blue Cross & Blue Shield Assoc.*, 110 F.3d 318, 323 (6th Cir. 1997). The crux of 84 Lumber's counterclaim was that the arbitration agreement, in particular its limitations provision, was valid and enforceable against Bates, and therefore, his FMLA and state-law claims against 84 Lumber were time-barred. Evaluating the legal strength of this counterclaim requires this court to determine whether the statutes of limitations applicable to Bates's state law and FMLA claims against 84 Lumber can be modified contractually.

> In *Order of United Commercial Travelers of America v. Wolfe*, the Supreme Court stated that
>
> it is well-established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.

331 U.S. 586, 608 (1947). The general principle that parties may contract for shorter limitations periods has been applied in this circuit and throughout the country to bar various state and federal claims. *See, e.g., Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 357-59 (6th Cir. 2004) (barring section 1981 claim because of contractual limitations period); *Myers v. W.-S. Life Ins. Co.*, 849 F.2d

9

259, 262 (6th Cir. 1988) (barring age and disability discrimination claims because of contractual limitations provision); *see also Badgett v. Fed. Express Corp.*, 378 F. Supp. 2d 613, 622-623 (M.D.N.C. 2005) (collecting federal cases from across the country where contractual limitations provisions have been applied to bar claims). Whether this general principle applies to FMLA claims, however, has never been decided by a federal court of appeals. *Cf. Woods v. DaimlerChrysler, Corp.*, 409 F.3d 984, 994 (8th Cir. 2005) (affirming the district court on an alternative basis and therefore concluding that "we need not address the issues relating to the contractual limitations clause"). Moreover, the three district courts that have decided whether the statute of limitations for FMLA claims can be contractually limited have reached conflicting decisions. *See Fink v. Guardsmark, LLC*, No. CV 03-1480-BR, 2004 WL 1857114, at * 3-4 (D.Or. Aug. 19, 2004) (unpublished) (finding contractual limitations on bringing of FMLA claims valid); *Lewis,* 241 F.Supp.2d at 771 (holding that employers and employees could not contract for a shortened FMLA statute of limitaions); *see also Badgett*, 378 F. Supp. 2d at 625 (declining to follow *Lewis* and relying on *Fink* to conclude that contractual limitations on the bringing of FMLA claims are valid).       The Eastern District of Michigan held first in *Lewis v. Harper Hospital* and again in *Henegar v. DaimlerChrysler, Inc.* that the statute of limitations for FMLA claims cannot be reduced by contract. *Lewis* reasoned that "imposing a six month statute of limitation is an interference with employees' rights under the FMLA where the statute of limitations is either two or three years" and that the federal regulations implementing the FMLA prohibit such an interference. 241 F. Supp. 2d at 771 (citing 29 C.F.R. § 825.220(a)(1)). To bolster its conclusion that contractual limitations on the bringing of FMLA claims are invalid, the court also cited 29 C.F.R. § 825.220(d), the FMLA regulation that prohibits waiver of FMLA rights. *Id.* The court later adopted *Lewis's* reasoning in

10

*Henegar*, and reaffirmed its holding that the FMLA statute of limitations cannot be contractually modified. 280 F. Supp. 2d at 682 n.1.

The Middle District of North Carolina reached the opposite conclusion and expressly declined to follow *Lewis. Badgett*, 378 F.Supp.2d at 625. The court concluded that it could not

> follow the logic of *Lewis* [because] [i]t seems unquestionable from the underlying policy that statutes of limitations are not "rights" given to claimants and thus protected by the FMLA, but more correctly exist for the protection of defendants. Therefore, this court cannot find that the FMLA regulations relied upon by the *Lewis* court can be read to imply a prohibition on contractual limitations clauses. . . .

*Id.* (internal citations omitted). Instead of following *Lewis*, the Middle District of North Carolina followed *Fink v. Guardsmark, LLC*, an unpublished decision from the District of Oregon that "upheld contractual limitations of FMLA claims." *Id.* (citing *Fink,* 2004 WL 1857114, at * 3-4). *Fink* relied on state contract law to uphold a contractual limitations provision that an employer was invoking to bar FMLA and Oregon Family Medical Leave Act claims. 2004 WL 1857114, at * 3-4. The District of Oregon upheld the contractual limitations provision with a paucity of reasoning and alternatively stated that the employer was entitled to summary judgment on the merits of the FMLA claim. *Id.* at * 6.

As noted, our court has not yet decided whether FMLA claims can be contractually limited. As the cases we have discussed suggest, both Bates and 84 Lumber have arguments that could potentially be meritorious. Making circuit precedent on an issue of first impression, however, is not necessary to the resolution of this case because the three other factors, as discussed below, weigh heavily against the grant of a preliminary injunction.

Similarly, 84 Lumber's likelihood of success on the merits with respect to Bates's state-law claims has little bearing on whether a preliminary injunction should be granted. 84 Lumber, as the

11

district court noted, has a substantial probability of succeeding on the merits of these claims. Given that the Sixth Circuit and the Kentucky state courts previously have upheld contractual limitations provisions outside the FMLA context, 84 Lumber has a strong probability of barring Bates's state law claims. *See, e.g., Thurman v. DaimlerChrysler, Inc.*, 397 F.3d at 357-59; *Webb v. Kentucky Farm Bur. Ins. Co.*, 577 S.W.2d 17 (Ky. App. 1978). The strength of this probability, however, does not outweigh the other factors that weigh against enjoining Bates from pursuing his claims. Without the remaining factors supporting its claim for injunctive relief, 84 Lumber's likelihood of success on the merits, even if great, will not justify granting it an injunction.

## 2. Threat of Irreparable Harm to the Plaintiff

The second factor in the preliminary injunction analysis weighs against granting injunctive relief to 84 Lumber. The Company has presented no realistic threat of irreparable harm. The harm claimed by 84 Lumber is posed by other employees who could bring claims in spite of the "Time Limitation" provision. The district court properly concluded that this harm was too speculative to support issuance of an injunction. The district court also properly concluded that the defense costs 84 Lumber incurred were "certainly not grounds for claiming irreparable injury," even if 84 Lumber had not defended against the suit in a way that most likely increased its defense costs. The absence of irreparable harm significantly cuts against issuing a preliminary injunction to 84 Lumber.

## 3. Chance of Substantial Harm to Others

The third factor in the preliminary injunction analysis also weighs heavily against granting injunctive relief to 84 Lumber. The district court rightly concluded that Bates would suffer substantial harm if the preliminary injunction issued to 84 Lumber because "it would essentially end

12

[his] litigation at this point." The substantial harm that Bates would suffer if he was enjoined from pursuing his claims cuts against granting 84 Lumber a preliminary injunction.

### 4. Public Interest

Granting injunctive relief in this case, as the district court rightly concluded, would not serve the public interest. The public would not benefit from enjoining an employee, based on the terms of an adhesive employment contract, from suing his former employer for violations of federally granted rights.

### 5. Weighing and Balancing the Factors

After reviewing the balance of the equities in this case, we conclude that the district court did not abuse its discretion by denying 84 Lumber's motion for a preliminary injunction. The district court properly applied the correct legal standard and did not rely on clearly erroneous findings of fact. The equities simply do not warrant granting 84 Lumber an injunction. Three of the four factors that determine whether injunctive relief is appropriate weigh heavily against granting the injunction.

### B.

The two remaining appeals in this case challenge the district court's conditioning of its order granting arbitration and staying the litigation on a requirement that 84 Lumber first pay Bates's excessive fees and costs and the district court's modification of the order to impose the fees and costs on 84 Lumber's counsel rather than 84 Lumber. Neither party asserted in initial briefing that we lacked jurisdiction to review these orders. Because we appropriately raise jurisdictional issues *sua sponte*, *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir.2006), we asked the parties to brief the issue of appellate jurisdiction after oral argument. Bates's supplemental brief misunderstands the court's

request and briefs an issue previously briefed by the parties–whether the district court had jurisdiction to modify its order to require 84 Lumber's counsel to pay the excessive fees and costs. In its supplemental brief 84 Lumber argues that appellate jurisdiction exists over both appeals on a variety of theories.

### 1. Appeal of Order Compelling Arbitration and Granting Stay

We first consider our jurisdiction over the appeal from the district court's order compelling arbitration and granting a stay, conditioned upon 84 Lumber's payment of excessive fees and costs. As possible bases for jurisdiction, 84 Lumber relies on 28 U.S.C. § 1291; the collateral order doctrine; 28 U.S.C. § 1292 (a)(1); the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1)-(3); and the doctrine of ancillary appellate jurisdiction.

Under 28 U.S.C. § 1291, we have jurisdiction to review final decisions of district courts. The order compelling arbitration and granting a stay is not a final decision within the statute. The final judgment rule applies only to orders that dispose of all claims in a suit and end litigation on the merits. Fed. R. Civ. P. 54(b); *Catlin v. United States*, 324 U.S. 229, 233 (1945). Here the district court's order does not end the litigation. If 84 Lumber had chosen not to pay the costs, the litigation would have proceeded in district court. Since 84 Lumber has paid the costs, arbitration will proceed, and a stay of the litigation will be in effect. At the end of arbitration proceedings, further action will occur in district court resulting either in confirmation of the arbitration award or a refusal to enforce it. Only at that point will a final judgment be entered.

Looking to the provisions of the FAA yields a similar result. The FAA permits appeal of a "final judgment with respect to arbitration" under 9 U.S.C. § 16(a)(3), but 9 U.S.C. § 16(b)

prohibits appeal of an interlocutory order granting a stay or compelling arbitration, except as otherwise provided by 28 U.S.C. § 1292(b). Construing these subsections, our court has held that the FAA permits appeals of orders compelling arbitration only when they are issued in tandem with dismissals of the underlying litigation. *ATAC Corp. v. Arthur Treacher's Inc.*, 280 F.3d 1091, 1097-99 (6th Cir. 2002). Here the district court stayed the litigation rather than dismissing it.

Next, 84 Lumber posits that an order such as this, which conditionally compels arbitration, should be treated as a final judgment appealable under the collateral order doctrine. The collateral order doctrine has an extraordinarily narrow application, *Will v. Hallock*, __, U.S.__, 126 S. Ct. 952, 959 (2006), and this order does not meet the criteria for an appealable collateral order. In order to meet the conditions for application of the doctrine, an order must conclusively determine the disputed question, resolve an important issue completely separate from the merits, and be effectively unreviewable on appeal from a final judgment. *Id.* at 955. While this order could be said to resolve conclusively the disputed issue of 84 Lumber's obligation to pay Bates's excessive fees and costs, it hardly resolves an important issue completely separate from the merits. The order requiring 84 Lumber to pay Bates's excessive fees and costs is closely analogous to an order imposing discovery sanctions, a type of order that is insufficiently separate from the merits to qualify as a collateral order. *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 424 (6th Cir. 1998). Finally, this sanctions order will be fully reviewable on appeal from a final judgment.

As another possible avenue for appeal, 84 Lumber argues that we should recharacterize the district court's order compelling arbitration and granting a stay as an interlocutory order granting or denying an injunction which is immediately appealable under 28 U.S.C. § 1292(a)(1) or as an order refusing a stay or denying arbitration which could be immediately appealed under 9 U.S.C. §

15

16(a)(1)-(2). We decline the invitation to engage in such a tortured interpretation. The imposition of a condition of paying fees and costs does not convert an order compelling arbitration and granting a stay into an order on a request for injunction, nor does the condition render it an order denying rather than granting the relief that 84 Lumber sought.

Finally, 84 Lumber argues that we should exercise jurisdiction over its appeal of the order compelling arbitration because it is ancillary to the appeal of the denial of injunctive relief, over which we do have jurisdiction. This argument is unconvincing because the instant order is not inextricably intertwined with the order denying injunctive relief. *Brennan v. Twp. of Northville*, 78 F.3d 1152, 1157-58 (6th Cir. 1996). The request for injunction sought to prevent Bates's suit entirely; the order here compels an arbitral rather than a judicial forum for resolution of the case. The orders lack the requisite relationship to each other to permit application of the doctrine of ancillary appellate jurisdiction.

We conclude that we lack jurisdiction over the appeal of the order compelling arbitration and granting a stay, conditioned on 84 Lumber's payment of Bates's excessive fees and costs. The appeal is therefore dismissed.

### 2. Appeal of Order Modifying Sanctions

In asserting that we have jurisdiction over its appeal of the order modifying the condition that 84 Lumber pay excessive fees and costs to require that its counsel instead pay them, 84 Lumber makes largely the same arguments made in connection with its appeal of the order compelling arbitration and granting a stay. For the reasons discussed previously, these arguments lack merit. The only additional argument for jurisdiction over the appeal of the modification order is that the

court should assert jurisdiction under the All Writs Act, 28 U.S.C. § 1651. This argument misapprehends the nature of the All Writs Act, which does not confer appellate jurisdiction. *See Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999)(quoting 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3932, p. 470 (2ed. 1996)).

Because we lack jurisdiction over the appeal of the modification order, it is dismissed.

C.

For the reasons previously stated, we affirm the district court's denial of the preliminary injunction and dismiss the remaining appeals.