*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0032p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

CONNIE THURMAN; JOHN THURMAN,
          *Plaintiffs-Appellants,*


          *v.*

No. 02-2474

>

DAIMLERCHRYSLER, INC.; JAMES STANFORD
PITTMAN, jointly and severally,
          *Defendants-Appellees.*

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 01-73446—Arthur J. Tarnow, District Judge.

Argued: April 27, 2004

Decided and Filed: November 19, 2004[*]

Before: MARTIN and ROGERS, Circuit Judges; BELL, Chief District Judge.[**]

---

## COUNSEL

**ARGUED:** H. Wallace Parker, BLOOMFIELD LAW CENTER, Bloomfield Hills, Michigan, for Appellants. Joseph J. Vogan, VARNUM, RIDDERING, SCHMIDT & HOWLETT, Grand Rapids, Michigan, William McCandless, DeNARDIS, McCANDLESS & MILLER, Mt. Clemens, Michigan, for Appellees. **ON BRIEF:** H. Wallace Parker, BLOOMFIELD LAW CENTER, Bloomfield Hills, Michigan, for Appellants. Joseph J. Vogan, Jennifer J. Stocker, VARNUM, RIDDERING, SCHMIDT & HOWLETT, Grand Rapids, Michigan, William McCandless, DeNARDIS, McCANDLESS & MILLER, Mt. Clemens, Michigan, for Appellees.

---

[*] This decision was originally issued as an "unpublished decision" filed on November 19, 2004. The court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

1

———————————

## OPINION

———————————

BELL, District Judge.  The issue before the Court is whether an employee effectively waived the statutory limitations period for a civil lawsuit by signing an employment application that provided for an abbreviated period of limitations.  This action arises from the employment relationship between Plaintiff-Appellant Connie Thurman and Defendant-Appellee DaimlerChrysler, Inc. ("DaimlerChrysler").  Connie and John Thurman (collectively "the Thurmans") assert claims of sex discrimination under Michigan's Elliott-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101, *et seq.*, race discrimination under 42 U.S.C. § 1981, and negligent hiring/retention, negligent supervision, assault and battery, negligence and gross negligence, as well as loss of consortium.  The claims arise from two separate incidents in which Defendant James Stanford Pittman ("Pittman") sexually harassed Ms. Thurman while in the workplace.  The Thurmans appeal the district court's order granting DaimlerChrysler's motion for summary judgment.  The Thurmans contend that the district court erred in holding that their claims were time barred by the abbreviated statute of limitations contained in the DaimlerChrysler employment application.

For the reasons set forth below, we affirm the district court's order granting DaimlerChrysler's motion for summary judgment on all claims against DaimlerChrysler and we remand the remaining claims against Defendant Pittman to the district court with instructions to remand the case to the Circuit Court for the County of Oakland, State of Michigan.

I.

Ms. Thurman is an employee of DaimlerChrysler and a former co-worker of Pittman.  Prior to beginning her employment with DaimlerChrysler, Ms. Thurman completed an employment application for DaimlerChrysler (then Chrysler Corporation).  Among other provisions, the application contained a clause waiving any statute of limitation and agreeing to an abbreviated limitations period in which to file suit against the employer.  Specifically, the clause stated:

> (8)     I agree that any claim or lawsuit relating to my service with Chrysler Corporation or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit.  I waive any statute of limitations to the contrary.

(J.A. 212-13).  This clause was printed in the same size font as all other printed portions of the application.  In addition, the clause was preceded by the statement, "**READ CAREFULLY BEFORE SIGNING**," in bold and capitalized letters. (J.A. 212).  The application also contained a clause stating: "This application will be considered active for twelve (12) months from the date filed.  If you are hired, it becomes part of your official employment record."  *Id.*  Ms. Thurman signed the application, acknowledging that she read and understood the application. *Id.*  Upon her hiring, Ms. Thurman was covered by the collective bargaining agreement between DaimlerChrysler and UAW Local 1264.

Ms. Thurman began working for DaimlerChrysler in November 1994.  On September 9, 1999, Ms. Thurman and Pittman were engaged in a conversation in the plant cafeteria.  When Ms. Thurman excused herself to attend a meeting, she bent over to pat Pittman's shoulder.  Pittman misunderstood the gesture and grabbed her left breast.  After conducting an investigation of the incident, the DaimlerChrysler Labor Relations Staff concluded that there was insufficient evidence to punish Pittman.  On September 29, 1999, Plaintiff filed a statement of concern with the Michigan Department of Civil Rights claiming harassment owing to the conduct of Pittman on September 9, 1999.

On October 2, 1999, Ms. Thurman was in the cafeteria eating lunch with her co-workers when Pittman entered the room. As he was leaving the cafeteria, Pittman walked by Ms. Thurman and grabbed his crotch, shaking his genitals at her. Ms. Thurman reported this incident to her superiors. DaimlerChrysler did take action against Pittman after the October 2, 1999, incident. Pittman was given a 10-day suspension for violating the DaimlerChrysler Standards of Conduct. In response to the two harassment incidents, Ms. Thurman filed a criminal complaint with the Sterling Heights Police Department on October 19, 1999. Pittman pled guilty to fourth degree criminal sexual conduct and aggravated assault. (J.A. 482).

After being transferred to another shift in January 2000, Ms. Thurman was given a leave of absence from work on February 26, 2000, and has not returned to active duty with DaimlerChrysler.

On June 1, 2000, the Thurmans filed a lawsuit in federal district court, naming DaimlerChrysler and Pittman as defendants, alleging violations of the Michigan Elliot Larsen Civil Rights Act, Title VII, 42 U.S.C. § 1981, and various state law tort claims. On December 15, 2000, the suit was dismissed by the district court due to the repeated failure of the Thurmans' counsel to appear and participate in court ordered conferences. (J.A. 531-53). While the district court permitted reinstatement of the action for good cause within 30 days, the Thurmans did not move to reinstate the action or appeal the dismissal. Instead, the Thurmans filed a second lawsuit in August 2001, the present suit before the Court, in the Oakland County Circuit Court alleging the same claims as the previous suit. The suit was removed to the United States District Court, Eastern District of Michigan, based on federal question and supplemental jurisdiction. Thereafter, the court below granted summary judgment in favor of DaimlerChrysler and Pittman and dismissed the suit as untimely filed pursuant to the abbreviated limitations agreement in the DaimlerChrysler application.

## II.

The Court reviews *de novo* a district court's grant of a motion for summary judgment. *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 523 (6th Cir. 2004) (citing *Williams v. General Motors Corp.,* 187 F.3d 553, 560 (6th Cir. 1999)).

The district court below held that the abbreviated six-month statute of limitations in the DaimlerChrysler employment application was reasonable and barred the Thurmans' suit against DaimlerChrysler. (J.A. 517-18). In addition, the district court held that the tort claims against Pittman were also time barred. (J.A. 520-21).

The Thurmans first assert on appeal that the district court erred in holding that their claims were time barred by the abbreviated statute of limitations because by its terms the application expired before Ms. Thurman was hired by DaimlerChrysler. The Thurmans point to the application language stating: "This application will be considered active for twelve (12) months from the date filed. If you are hired, it becomes part of your official employment record." (J.A. 212). The Thurmans contend that the six-month statute of limitations could not apply to this case because the application expired in October 1994 (twelve months after it was signed), and Ms. Thurman was not hired by DaimlerChrysler until November 1994.

We are unpersuaded by the Thurmans' argument that the employment application was expired and therefore the six-month statute of limitations period is inapplicable. It is uncontested that Ms. Thurman was hired pursuant to the employment application that she filled out. Indeed, because Ms. Thurman was hired based upon the information contained in the application, it became part of her employment record. (J.A. 212) ("If you are hired, it becomes part of your official employment record."). Moreover, Michigan courts have held that terms in an employment application constitute part of an employee's contract of employment. *See e.g., Timko v. Oakwood*

*Custom Coating, Inc.*, 625 N.W.2d 101, 106 (Mich. Ct. App. 2001) (holding that terms of an employment application are part of an employment contract); *Butzer v. Camelot Hall Convalescent Centre, Inc.*, 454 N.W.2d 122, 124 (Mich. Ct. App. 1989) (concluding that an at will termination provision in an employment application was part of an employment contract). Given the fact that DaimlerChrysler hired Ms. Thurman based upon the application she filled out and that the application became part of her employment record, it cannot be argued that the application expired prior to her hiring.

The Thurmans next argue that the provisions of the employment application were superseded by the collective bargaining agreement entered into between DaimlerChrysler and UAW Local 1264. The Thurmans contend that an employee's waiver of a statute of limitations is a mandatory subject of collective bargaining that must be included in the collective bargaining agreement in order to protect the employer. Further, the Thurmans argue that because the collective bargaining agreement is the only agreement governing the terms and conditions of the relationship between DaimlerChrysler and UAW, and it did not include a six-month statute of limitation for lawsuits arising out of employment, it nullifies the employment application's abbreviated limitations period.

In response, DaimlerChrysler contends that there is no express restriction in the collective bargaining agreement on their authority to contract directly with their employees concerning limitations periods. Further, DaimlerChrysler asserts that the collective bargaining agreement reserves the right of DaimlerChrysler to manage and direct its affairs and employees unless specifically limited by the collective bargaining agreement. Appellee DaimlerChrysler's Br. at 27.

We conclude that the collective bargaining agreement does not supersede the employment application's six-month statute of limitations. "[I]ndividual employment contracts are not inevitably superseded by any subsequent collective agreement covering an individual employee . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 396 (1987). Indeed, the collective bargaining agreement at issue expressly reserves the right of DaimlerChrysler to manage its employees and direct its affairs, "except as limited by the terms of th[e] Agreement . . . ." Appellee DaimlerChrysler's Br. at 27 (quoting *Agreement between DaimlerChrysler Corporation and the UAW*, dated September 27, 1999). As DaimlerChrysler noted, there is no provision in the collective bargaining agreement limiting the right of the employer to enter into abbreviated limitations periods with individual employees. We also note that the Thurmans have not pointed to any authority holding that statutes of limitation are a mandatory subject of bargaining. Federal law mandates that any collective bargaining agreement deal with "mandatory subjects" of bargaining such as hourly pay rates, work shifts, pensions, grievance procedures, seniority, and compulsory retirement age. 29 U.S.C. § 158(d); *See also Detroit Police Officers Ass'n v. Detroit*, 214 N.W.2d 803, 808-09 (Mich. 1974) (distinguishing between "mandatory subjects" and "permissive subjects" of bargaining). The collective bargaining agreement in this case apparently contains a clause stating, "[i]t is the intention of the parties that this agreement during its term shall cover all arrangements between the parties concerning wage, hours, and conditions of employment." Appellants' Br. at 18-19.[1] Nothing in the quoted language bars the employer from including a waiver of statute of limitations in an employment contract. Therefore, the six-month statute of limitations contained in the employment application is not superseded by the collective bargaining agreement.

Upon concluding that the employment application was not expired prior to Ms. Thurman's hiring nor superseded by the collective bargaining agreement, we turn to whether the six-month statute of limitations clause is enforceable. The Thurmans contend that the application is unenforceable because it is an unconscionable contract of adhesion. Under Michigan law, courts

---

[1] The quoted language is apparently contained in an exhibit that was attached to Plaintiffs-Appellants' Brief in Response to DaimlerChrysler's Motion for Summary Judgment below. On appeal, the exhibit may have been erroneously left out of the joint appendix.

will not invalidate contracts as adhesion contracts where the challenged provision is reasonable. *Rembert v. Ryan's Family Steak Houses, Inc.*, 596 N.W.2d 208, 226 (Mich. Ct. App. 1999) (citing *Rehmann, Robson & Co. v. McMahan*, 466 N.W.2d 325, 329 (Mich. Ct. App. 1991); *Ryoti v. Paine, Webber, Jackson & Curtis, Inc.*, 371 N.W.2d 454, 455-56 (Mich. Ct. App. 1985)). Previously, this Court determined that there is nothing inherently unreasonable about a six-month limitations period contained in an employment agreement. *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988). Moreover, Michigan courts have consistently held that contracting parties may agree to an abbreviated statute of limitations so long as it is reasonable. *See Camelot Excavating Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 301 N.W.2d 275, 276 (Mich. 1981); *Timko*, 625 N.W.2d at 106. In *Timko*, the Michigan Court of Appeals held that a six-month statute of limitations clause in an employment application was not inherently unreasonable. *Timko*, 625 N.W.2d at 106. The court held that an abbreviated limitations period within an application for employment "is reasonable if (1) the claimant has sufficient opportunity to investigate and file an action; (2) the time is not so short as to work a practical abrogation of the right of action; and (3) the action is not barred before the loss or damage can be ascertained." *Id.* (citing *Camelot Excavating Co., Inc.*, 301 N.W.2d at 276.). Applying the three factors to the six-month limitations period at issue in *Timko*, the court held that the six-month limitations period was reasonable. *Id.*

The Thurmans assert that *Timko* is factually distinguishable from the present case and should not apply. The Thurmans contend that *Timko* did not involve a unionized employee subject to a collective bargaining agreement, the time period between the date the application was signed and the date the cause of action arose was much greater, and the abbreviated limitations clause in the *Timko* case was in bold print.

As we discussed above, the fact that Ms. Thurman is subject to the collective bargaining agreement does not nullify the provisions of her employment application. Further, the Thurmans overstate the importance of the time elapsed between application for employment and accrual of the cause of action. *Timko* turned on the fact that the six-month period of limitations satisfied the three considerations used in evaluating the reasonableness of an abbreviated limitations period, not the time elapsed between the date of application and the date the cause of action arose. *Timko*, 625 N.W.2d at 106.

Finally, the Thurmans correctly point out that the abbreviated limitations clause in *Timko* was in bold print and the clause in the DaimlerChrysler application was in plain type. This, however, does not render *Timko* inapplicable. The six-month statute of limitation clause is located within a section with the heading "**READ CAREFULLY BEFORE SIGNING**." (J.A. 212). Further, the clause is located directly above Ms. Thurman's signature acknowledging that she read and understood the document. *Id*. Ms. Thurman also testified that she read the application and did not have any concern or disagreement with the provisions, including the abbreviated limitation clause. (J.A. 86-87). We are satisfied that the differences between the clause in *Timko* and the DaimlerChrysler clause are not material. Consequently, we conclude that *Timko* is applicable to the present case.

Turning to whether the abbreviated limitations clause in this case is reasonable, the Thurmans contend that the clause is unreasonable because there was not a sufficient opportunity to investigate her claims and determine the extent of her damages. We find this argument unavailing given that the record is replete with evidence that Ms. Thurman had ample time to investigate her claim and determine her damages. The best example from the record is that the Thurmans filed the first lawsuit encompassing the underlying events within the abbreviated limitations period. (J.A. 549). Surely, a sufficient investigation and determination of damages had been conducted prior to filing the first lawsuit. Moreover, Ms. Thurman was referred to medical and psychological treatment one week after the first incident with Mr. Pittman. (J.A. 158). Further, Ms. Thurman filed a complaint with the Michigan Department of Civil Rights on September 29, 1999 and filed a criminal

complaint against Mr. Pittman on October 20, 1999. (J.A. 305-06). These facts demonstrate that she had an ample opportunity to investigate her claims and determine her losses. Therefore, the six-month limitations period gave the Thurmans a sufficient opportunity to investigate and file an action, as well as ascertain the damages suffered. Accordingly, we conclude that the abbreviated limitations period contained in the employment application is reasonable. *Myers*, 849 F.2d at 262; *Timko*, 625 N.W.2d at 105-06.

Finally, the Thurmans contend that the waiver of the statutory period of limitation is void because Ms. Thurman did not sign the waiver knowingly, intelligently, and voluntarily. Waivers in civil rights cases must be carefully scrutinized for voluntariness. *See Myers,* 849 F.2d at 262 (citing *Cox v. Allied Chem. Corp.*, 538 F.2d 1094, 1098 (6th Cir. 1976)). Even under a heightened level of scrutiny, we conclude that the waiver in this case was knowing and voluntary. Ms. Thurman's own deposition testimony refutes her argument. Ms. Thurman testified that she read and understood the application prior to signing it and did not have any concern or disagreement with any of the provisions, including the abbreviated limitations period. (J.A. 112-14). Moreover, the contractual language is clear and unambiguous. (J.A. 212). Under the circumstances of this case, we cannot say that the waiver of the statutory period was unknowing and involuntary.

In light of our holding that the abbreviated limitations period contained in the DaimlerChrysler employment application is reasonable, all of Ms. Thurman's claims against DaimlerChrysler are time barred by the six-month limitations period. Assuming that the cause of action accrued at the latest possible date, February 26, 2000, when Ms. Thurman last worked at the Sterling Stamping Plant, she would have had until August 26, 2000, to commence a lawsuit against DaimlerChrysler. This cause of action was filed on August 13, 2001. (J.A. 1). Even allowing for the tolling of the statute of limitations during the pendency of the first lawsuit between the parties, this lawsuit was filed well after the bar date specified in the employment application. Consequently, the district court correctly granted DaimlerChrysler's motion for summary judgment. We affirm the decision below granting summary judgment on all claims against DaimlerChrysler.

Mr. Thurman's loss of consortium claim is also time barred by the employment application's six-month statute of limitation. Mr. Thurman's claim is derivative and thus "stands or falls on the primary claims in the complaint." *Cole v. Knoll*, 984 F. Supp. 1117, 1136 (W.D. Mich. 1997) (quoting *Long v. Chelsea Cmty. Hosp.*, 557 N.W.2d 157, 162-63 (Mich. Ct. App. 1996)). Since Ms. Thurman's claims are barred by the abbreviated limitations period, Mr. Thurman's claims are barred as well.

III.

We now turn to the Thurmans' remaining claims against Pittman. The district court below dismissed all claims asserted against Pittman because the district court viewed them as barred by the state statutes of limitation. (J.A. 520-21). The Thurmans asserted claims of intentional infliction of emotional distress, assault, and negligence against Pittman. (J.A. 12-14). The period of limitations applicable to claims of intentional infliction of emotional distress and negligence is three years. *See* MICH. COMP. LAWS § 600.5805(9) (2004); *Lemmerman v. Fealk*, 534 N.W.2d 695, 697 (Mich. 1995) ("claims for negligence and intentional infliction of emotional distress must be brought within three years . . . to avoid the limitation bar."). The statute of limitation for an action alleging assault or battery is two years. MICH. COMP. LAWS § 600.5805(2) (2004). The district court was informed that the limitations period for assault and intentional infliction of emotional distress was one year, leading the court to conclude that the causes of action against Pittman were time barred. (J.A. at 519-521). The district court erroneously concluded that the claims against Pittman were barred by the statutes of limitation.

The remaining claims against Pittman, however, encompass state law tort claims between citizens of the same state. The district court therefore did not have original subject matter jurisdiction over them. *Cmty. Health Plan of Ohio v. Mosser*, 347 F.3d 619, 622 (6th Cir. 2003) ("existence of subject matter jurisdiction, moreover, is an issue that may be raised any time, by any party or even *sua sponte* by the court itself") (quoting *Ford v. Hamilton Inv., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994)). The district court asserted supplemental jurisdiction over the claims against Pittman pursuant to 28 U.S.C. § 1367. We have held previously that when all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed. *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also* 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction if all claims over which it has original jurisdiction have been dismissed). Accordingly, the remaining claims against Pittman are remanded to the district court with instructions to enter an order remanding the case to the Circuit Court for the County of Oakland, State of Michigan.

IV.

For the foregoing reasons, we **AFFIRM** the district court's order granting DaimlerChrysler's motion for summary judgment on all claims against DaimlerChrysler and **REMAND** the remaining claims against James Stanford Pittman to the district court with instructions to remand the claims to the Circuit Court for the County of Oakland, State of Michigan.