LINDA V. PARKER, U.S. DISTRICT JUDGE
*876 On February 17, 2016, Plaintiff Barbrie Logan commenced this lawsuit alleging sex discrimination and retaliation by her former employer, Defendant MGM Grand Detroit Casino. The matter has been referred to Magistrate Judge Anthony P. Patti for all pretrial matters. (ECF No. 18.)
On July 13, 2017, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 40.) In a Report and Recommendation filed February 12, 2018, Magistrate Judge Patti recommends that the Court grant the motion. (ECF No. 51.) Specifically, Magistrate Judge Patti finds that Plaintiff's claims are barred by the six-month statute of limitations set forth in a pre-employment "Disclosure, Release, and Authorization" Plaintiff completed as part of her online job application. Magistrate Judge Patti concludes that the six-month limitations period is enforceable but must take into consideration the EEOC's period of exclusive jurisdiction.
At the conclusion of his decision, Magistrate Judge Patti informs the parties that they must file any objections to the R & R within fourteen days. Plaintiff filed objections on February 27, 2018. (ECF No. 52.)
1 When objections are filed to a magistrate judge's R & R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." Thomas v. Halter, 131 F.Supp.2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R & R waives any further right to appeal on those issues. SeeSmith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. SeeThomas v. Arn, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).
As an initial matter, Plaintiff raises numerous complaints in her objections that do not address Magistrate Judge Patti's legal conclusion that her claims are time barred. As such, the Court finds it unnecessary to address them. The Court will respond, however, to Plaintiff's objections to certain words or phrases used by Magistrate Judge Patti, which Plaintiff asserts are reflective of his bias against her or of his unfair treatment of her claims. Magistrate Judge Patti's R & R in fact reflects thoughtful, fair, and careful consideration of Plaintiff's claims, the issues raised in Defendant's motion for summary judgment, and Plaintiff's response to the motion. The Court thus turns to those objections by Plaintiff that actually address Magistrate Judge Patti's statute of limitations analysis.
Plaintiff challenges Magistrate Judge Patti's conclusion that her claims are time-barred, asserting that she did not agree to the six-month limitations period. While Plaintiff does not expressly deny clicking the "yes" button to reflect her agreement with the Disclosure, Release, and Authorization, she states: "It may have been possible or expedient to simply click the YES
*877 button in order to submit the application in the time allotted, without reading and/or understanding its contents." (Obj. at 9, ECF No. 52 at Pg ID 1096.) Plaintiff further argues that the pre-employment application containing the six-month limitations period expired ninety days after she completed it on February 20, 2017, and that it therefore did not control her employment when she was hired August 1, 2007.
2 First, Plaintiff failed to raise these arguments in response to Defendant's summary judgment motion. (SeeECF No. 42.) Any arguments made for the first time in objections to an R & R are deemed waived. Uduko v. Cozzens, 975 F.Supp.2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ). As the Sixth Circuit explained in Murr, while 28 U.S.C. § 636 permits de novo review by the district court if timely objections are filed to an R & R, "it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." 200 F.3d at 902 n.1 (citing United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) ). The Court acknowledges that Plaintiff attempted to file a sur-reply brief in response to Defendant's motion; however, she never indicated in her request to file the sur-reply that she sought to present the arguments she now raises. (SeeECF No. 46.) In any event, Plaintiff's newly asserted arguments lack merit.
3 Plaintiff agreed to be bound by the six-month limitations period when she clicked "yes" in response to the question of whether she agreed with the terms of the Disclosure, Release, and Authorization and then electronically signed her name. Under Michigan law (which applies to this Court's analysis of whether a valid agreement was formed), "[a] record or signature shall not be denied legal effect or enforceability solely because it is in electronic form." Mich. Comp. Laws § 450.837. Further, under Michigan law, a party who signs a contract (in this case an agreement to be bound by a six-month statute of limitations) ordinarily is presumed to have read, understood and assented to its terms. Burkhardt v. Bailey, 260 Mich.App. 636, 680 N.W.2d 453, 464 (2004) ; see alsoStout v. J.D. Byrider, 228 F.3d 709, 715 (6th Cir. 2000) ("One who signs a contract is presumed to know its contents, and ... is bound by its provisions.") (ellipsis in original and citations omitted).
Further, and contrary to Plaintiff's assertion, the terms of the Disclosure, Release, and Authorization did not expire in ninety days. The provision itself does not contain a time limit on its application, and instead states to the contrary: "This release and authorization shall remain valid and in effect during my employment...." (ECF No. 40-4 at Pg ID 641, emphasis added.) Moreover, by agreeing to the Disclosure, Release, and Authorization, Plaintiff expressly agreed "that any claim or lawsuit arising out of my employment with, or my application for employment with, MGM Grand ... must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit." (Id., emphasis added.) Presumably Plaintiff intended for her employment to last longer than ninety days. The reference to ninety-days on which Plaintiff replies is found elsewhere in the employment application and is limited expressly to how long the application will be considered current. (Seeid.at Pg ID 642.)
Plaintiff's next objection relates to her assertion that the claim she filed with the State of Michigan Department of Licensing and Regulatory Affairs Unemployment Insurance Agency tolled the statute of limitations. Magistrate Judge Patti thoroughly addressed that argument (seeR & R at *878 13-14, ECF No. 51 at Pg ID 1077-78), and correctly in this Court's view.
Plaintiff also objects to the R & R based on her assertion that she satisfied the six month limitations period by filing this lawsuit sixteen days after certain "post-employment retaliatory action." The action Plaintiff is referring to is conduct by an employee from Defendant's Human Resources Department during the June 22, 2015 telephonic hearing before an ALJ on her unemployment benefits claim. (SeeObj. at 10-11, ECF No. 52 at Pg ID 1097-98.) Again, Plaintiff raises this argument for the first time in her objections and thus it is waived. In any event, Plaintiff does not mention this post-employment conduct anywhere in her Complaint as a basis for the sex discrimination or retaliation claims asserted here. (SeeCompl., ECF No. 1.) Nor does Plaintiff refer to this conduct in her response to Defendant's summary judgment motion.[1] (SeePl.'s Resp., ECF No. 42.) As such, the limitations period did not begin to run for purposes of this lawsuit when the alleged post-employment retaliatory conduct occurred.
Despite Plaintiff's assertions to the contrary, this Court does not find any disputes of fact relevant to the statute of limitations issue. The Court also concludes that Magistrate Judge Patti correctly analyzed the legal issue of whether the six-month limitations period bars Plaintiff's claims. The Court therefore adopts the recommendations in Magistrate Judge Patti's February 12, 2018 R & R. Nevertheless, because the Court finds the issues raised by Plaintiff to have been meritorious, it is denying Defendant's request for costs and attorney's fees.
Accordingly,
IT IS ORDEREDthat Defendant's motion for summary judgment is GRANTED.
REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 40)
Anthony P. Patti, UNITED STATES MAGISTRATE JUDGE
I. RECOMMENDATION :
The Court should GRANT Defendant's July 13, 2017 motion for summary judgment (DE 40) and dismiss with prejudice the claims set forth in her complaint (DE 1). However, the Court should deny Defendant's request for an award of costs and attorney fees associated with this motion (see DE 40 at 3, 32), as the issues on which this recommendation is based merited review by the Court.
II. REPORT:
A. Background
Plaintiff Barbrie Logan filed this lawsuit pro se against Defendant MGM Grand Detroit Casino ("Casino"). The facts underlying Plaintiff's complaint stem from her employment as a culinary utility person, and her causes of action include sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. (DE 1 ¶¶ 1-2, 29-38.)
Defendant filed an answer and affirmative defenses on March 24, 2016. Among other things, Defendant asserted that Plaintiff's claims "may be barred, in whole or in part, by applicable statute(s) of limitation or limitation period(s), contractual or otherwise." (DE 10 ¶ 14.)
*879 B. Instant Motion
Judge Parker referred this case to me for all pretrial proceedings. Currently before the Court is Defendant's July 13, 2017 motion for summary judgment. In sum, Defendant requests that the Court "dismiss Plaintiff's claims against it in their entirety with prejudice," and "award Defendant its costs and attorneys' fees in having to file the instant Motion." (DE 40 at 3.)
Plaintiff filed a tardy response, which was nevertheless accepted and considered, and Defendant filed a reply. (DEs 42, 43.) On September 19, 2017, the Court denied Plaintiff's request to file a sur-reply. (See DEs 46, 45, 47.) On October 10, 2017, I entered a notice of determination of motion without oral argument. (DE 48.) Plaintiff filed a response to this notice, wherein she noted, among other things, her expectation "to be heard during oral argument to designate specific facts and admissions on file in this case not specified in the written Response." (DE 49.) However, the Court has been adequately informed from the briefing, and this motion is ready for a report and recommendation on the papers alone.
C. Fed. R. Civ. P. 56
Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co. , 95 Fed.Appx. 132, 135 (6th Cir. 2004) (internal citations omitted).
"The moving party has the initial burden of proving that no genuine issue of material fact exists...." Stansberry v. Air Wis. Airlines Corp. , 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " Wrench LLC v. Taco Bell Corp. , 256 F.3d 446, 453 (6th Cir. 2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." Alexander v. CareSource , 576 F.3d 551, 558 (6th Cir. 2009) ; see also Metro. Gov't of Nashville & Davidson Cnty. , 432 Fed.Appx. 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts.... [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).
Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. City Management Corp. v. United States Chem. Co. , 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case...." Stansberry , 651 F.3d at 486 (citing *880 Celotex Corp. v. Catrett , 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ).
D. Discussion
1. Plaintiff's complaint spans the alleged events of August 1, 2007 through December 4, 2014.
The alleged facts underlying Plaintiff's complaint begin on August 1, 2007, the date of her employment as a "culinary utility person" at the Casino. (DE 1, ¶ 7.) As a condition of employment, she paid dues and/or fees to UNITE HERE, Local 24, the labor union. (DE 1 ¶ 10.) She began serving as a union steward around May 2008. (DE 1, ¶ 11.)
From May 2009 through December 2013, Plaintiff was the subject of disciplinary action, filed union grievances, sought FMLA leave, and, on at least eight (8) occasions, engaged the services of the National Labor Relations Board (NLRB). (DE 42 at 5-10, 40-100; DE 42-1 at 1-39; see also DEs 40-7, 40-10, 40-17.) Plaintiff's complaint further details the conditions of her employment during 2014. (DE 1, ¶¶ 15-26.) Some of the supporting documentation evidences the following:
• On April 3, 2014, a "Team Member Incident Report" was issued. Plaintiff was suspended pending investigation. (DE 40-12.) Plaintiff was to be issued a three-day suspension based on the events April 4, 5, & 8. (DE 42-1 at 41.)
• Plaintiff filed a union grievance on May 19, 2014, for which she sought back pay. In June 2014, Defendant agreed to remove the 3-day suspension issued on April 9, 2014 and to provide 28 hours of back pay. (DE 40-13.)
• Plaintiff's concern that she was "being overlooked for [overtime] and also learning other areas of food prep" was the subject of an October 30, 2014 union meeting. (DE 40-16.)
• On November 8, 2014, Plaintiff wrote a letter detailing that she "left work early due to the hostility directed at [her] from Chef Derek." (DE 42-1 at 61-62.)
(See also DE 42 at 10-17.) Plaintiff allegedly submitted her resignation on November 26, 2014, effective December 4, 2014. (DE 1, ¶ 27.)
2. Plaintiff agreed to a 6-month statute of limitations.
Defendant argues that Plaintiff's claim is "time-barred under the statute of limitations waiver." (DE 40 at 18-19.) By way of background, on February 20, 2007, Plaintiff electronically signed a pre-employment "disclosure, release, and authorization" as part of her online job application process, which provided, in pertinent part:
I agree that any claim or lawsuit arising out of my employment with, or my application for employment with, MGM Grand or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.
(DE 40-4 at 2 (uppercase in original, italics added); DE 40-5 at 2 ¶ 2.)
3. The agreement is enforceable but must take into consideration the Equal Employment Opportunity Commission's (EEOC's) period of exclusive jurisdiction.
The parties are at odds regarding the enforceability of statute of limitations waivers in the Title VII context. Defendant *881 takes the position that the waiver is enforceable. (DE 40 at 18-19, DE 43 at 2-3.) Plaintiff responds that her claims "are not time barred." (DE 42 at 22.)
To begin, "it is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." Order of United Commercial Travelers of Am. v. Wolfe , 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947). See also Smithson v. Hamlin Pub, Inc. , No. 15-CV-11978, 2016 WL 465564, at *1, *3 (E.D. Mich. Feb. 8, 2016) (Rosen, J.) (in an ADEA/Elliott-Larsen age discrimination case, "[i]t is well-settled that parties to a contract may agree to an abbreviated period of limitations different from the period authorized by statute so long as it is reasonable."), appeal dismissed (June 23, 2016); Myers v. W.-S. Life Ins. Co. , 849 F.2d 259, 262 (6th Cir. 1988) (in a state law civil rights case, "[t]here is nothing inherently unreasonable about a six-month limitations period.").
Defendant relies upon the Sixth Circuit's decision in a lawsuit "alleging violations of the Michigan Elliot Larsen Civil Rights Act, Title VII, 42 U.S.C. § 1981, and various state law tort claims." Thurman v. DaimlerChrysler, Inc. , 397 F.3d 352, 355 (6th Cir. 2004). In that case, the Sixth Circuit concluded that "the collective bargaining agreement does not supersede the employment application's six-month statute of limitations." Thurman , 397 F.3d at 356-357 ("Nothing in the quoted language bars the employer from including a waiver of statute of limitations in an employment contract. Therefore, the six-month statute of limitations contained in the employment application is not superseded by the collective bargaining agreement."). In addition, the Sixth Circuit stated that "the six-month limitations period gave [Plaintiffs] a sufficient opportunity to investigate and file an action, as well as ascertain the damages suffered[,]" and concluded that "the abbreviated limitations period contained in the employment application [wa]s reasonable." Thurman , 397 F.3d at 358 (citing Myers , 849 F.2d at 262 ; Timko v. Oakwood Custom Coating, Inc. , 244 Mich. App. 234, 625 N.W.2d 101, 105-106 (2001) ). However, Thurman "did not provide any legal reasoning or analysis on the issue of Title VII[,]" and "[w]hether the holding in Thurman encompassed any Title VII claims is unclear." Fritz v. FinancialEdge Community Credit Union , 835 F.Supp.2d 377, 382 (E.D. Mich. 2011) (Ludington, J.).[2]
Although Plaintiff's response attaches portions of the Labor Agreement between MGM Casino Hotel and Detroit Casino Council for the period October 17, 2011-October 16, 2015, her reliance upon it seems limited to the issue of her eligibility for overtime and job training under the collective bargaining agreement (CBA). (See DE 42 at 17-19, DE 42-1 at 68-75 [Ex. X]; see also DE 40-14.) Stated otherwise, she does not appear to be arguing that the CBA supersedes the agreement to limit the statute of limitations to six (6) months. Instead, Plaintiff's argument that the six (6) month statute of limitations is not enforceable is based upon the observation in a Title VII case that "any period of 180 days or less is preempted by the EEOC's period of exclusive jurisdiction *882 and necessarily precludes any judicial consideration of Plaintiff's claim." Fritz , 835 F.Supp.2d at 383 (emphasis added) (referencing Lewis v. Harper Hosp. , 241 F.Supp.2d 769, 772 (E.D. Mich. 2002) (Duggan, J.) ("Were this Court to uphold the six month limitation of action clause as to Plaintiff's Title VII claim, the EEOC's period of exclusive jurisdiction would have the effect of abrogating Plaintiff's ability to bring a Title VII suit.") ).
As Judge Ludington recognized in Fritz , "[t]he law as it relates to a shortened statute of limitations for Title VII claims is unsettled." Fritz , 835 F.Supp.2d at 382 (mentioning both Thurman and Lewis ). See also Cerjanec v. FCA US, LLC , No. 17-10619, 2017 WL 6407337, at *8 (E.D. Mich. Dec. 15, 2017) (Michelson, J.) (" Lewis did not hold that the ADEA's statute of limitations trumps a shorter contractual statute of limitations, but rather found that, for other statutes, a contractually-shortened statute of limitations was unenforceable."). Since Judge Ludington's statement, at least one district court has observed: "District courts in the Sixth Circuit addressing this issue have held that to be enforceable, an agreement limiting the time an employee may sue under Title VII must not commence the limitations period before the end of the EEOC's exclusive jurisdiction over the matter." Tyler v. FedEx Freight, Inc. , No. 3:13-CV-419, 2015 WL 1880007, at *7 (S.D. Ohio Apr. 23, 2015) (distinguishing Thurman and citing, in part, Lewis and Fritz ) (emphasis added).
In an attempt to argue that the period of exclusive jurisdiction does not necessarily last a full 180-day period, Defendant contends that Fritz is distinguishable and urges the Court to adopt Judge Rosen's relatively recent holding and reasoning in Smithson instead:
To the extent that Plaintiff believes Fritz stands for the proposition that the EEOC always retains jurisdiction over a charge for a period of 180 [days] after the filing of any charge , Plaintiff is mistaken. Unlike in this case where the EEOC notified Plaintiff that it closed its file on her charge and issued its Dismissal and Notice of Rights two months after she filed her charge , in Fritz the Plaintiff was never issued a right-to-sue letter anytime within 180 days of her filing of her charge. Thus, arguably, in Fritz , the EEOC's exclusive jurisdiction had not terminated. But where, as here, a claimant requests that a notice of right to sue be issued, the Commission may issue such notice "at any time prior to the expiration of 180 days from the date of filing of the charge " and the issuance of the notice of right to sue "shall terminate further proceeding of any charge" and the EEOC's jurisdiction ends. 29 C.F.R. §§ 1601.28(2), (3).
Smithson , 2016 WL 465564, at *4 n.4 (emphases added) (a case where the ADEA EEOC charge was filed on January 13, 2015 and the right to sue letter issued March 4, 2015 (50 days later) ). However, Smithson is likewise distinguishable, as it was an ADEA/Elliott-Larsen age discrimination case and because the plaintiff in that case had received a right to sue letter with 41 days still pending in her 180-day contractual limitations period. Id. at *4. As Smithson went on to instruct: "[u]nlike Title VII, there is no requirement that an ADEA plaintiff wait for receipt of a Right to Sue letter before filing suit. While a Title VII plaintiff generally must wait until he/she receives a Notice of Right to Sue, the same is not true with regard to the ADEA." Id. at *5.
Whatever distinctions exist between Plaintiff's case and the circumstances set forth in Thurman , Fritz , Lewis and Smithson , I am persuaded that the EEOC retains some period of exclusive jurisdiction that must be taken into consideration when enforcing an agreed upon six (6)
*883 month statute of limitations. See Fritz , 835 F.Supp.2d at 383 ("any period of 180 days or less is preempted by the EEOC's period of exclusive jurisdiction and necessarily precludes any judicial consideration of Plaintiff's claim."); E.E.O.C. v. Frank's Nursery & Crafts, Inc. , 177 F.3d 448, 462 (6th Cir. 1999) ("the filing of a charge automatically gives rise not only to the exclusive jurisdiction of the EEOC for a period of 180 days, but also to the power of the EEOC to bring its own lawsuit upon finding 'reasonable cause' to believe the charge is true.") (emphasis added); Lewis v. Harper Hosp. , 241 F.Supp.2d at 772 ("the EEOC maintains exclusive jurisdiction over the subject matter of the charge for 180 days after the filing of the charge. ") (emphases added) (citing Frank's Nursery & Crafts, Inc. , 177 F.3d at 456 ); see also Priemer v. Int'l Auto. Components , No. 10-CV-12969, 2013 WL 4718336, at *5 (E.D. Mich. Sept. 3, 2013) (Borman, J.) ("Other courts in this District have held that, in cases arising under Title VII, a contractually abbreviated limitations period cannot begin until 180 days after the filing of an EEOC charge.") (emphasis added) (referencing Fritz , Lewis and Brown v. VHS of Michigan, Inc. , No. 11-15508, 2013 WL 119395, at *3 n.1 (E.D. Mich. Jan. 9, 2013) (Cleland, J.) aff'd , 545 Fed.Appx. 368 (6th Cir. 2013) ).
4. The statute of limitations expired before Plaintiff invoked the EEOC's period of exclusive jurisdiction.
A plaintiff wishing to file a private lawsuit seeking relief under Title VII must obtain a "right to sue letter" from the EEOC. Puckett v. Tennessee Eastman Co. , 889 F.2d 1481, 1486 (6th Cir. 1989) ("The Title VII plaintiff satisfies the prerequisites to a federal action (1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right to sue."). In order to invoke the EEOC's investigatory powers and obtain such a letter, a charge "shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1).[3] During the 216 days that passed (well more than a six-month period) between Plaintiff's effective December 4, 2014 resignation and her July 8, 2015 EEOC charge being filed, the following events transpired:
(a) Plaintiff filed her State of Michigan Department of Licensing and Regulatory Affairs (LARA) Unemployment Insurance Agency (UIA) claim on January 25, 2015 (52 days after her the termination of the employment relationship). At issue was the Michigan Employment Security Act, specifically Mich. Comp. Laws § 421.29(1)(a), which is labeled, "[l]eft work voluntarily without good cause attributable to the employer or employing unit."
(b) LARA responded on February 13, 2015 (19 days later), concluding that Plaintiff was "not disqualified *884 for benefits under MES Act, Sec. 29(1)(a)."
(c) Plaintiff filed her EEOC charge on July 8, 2015 (145 days later).
(DE 42-1 at 64, 66; DE 40-17.) The EEOC's right to sue letter issued on November 17, 2015 (132 days later).
This post-resignation timeline is fatal to Plaintiff's claims, based on the 2009 through 2014 time period at issue in her complaint, even though Plaintiff contends that her LARA claim "promptly notified" Defendant that she "claimed she had resigned due to discrimination caused by her employer." (DE 42 at 17, 22; DE 42-1 at 64.) To the extent Plaintiff contends that her LARA claim somehow tolls the agreed-upon six (6) month statute of limitations, her argument is unavailing. Preliminarily, the breadth of LARA's decision is not discernable from the record, as the record contains only one of the four pages comprising LARA's "Notice of Determination." (DE 42-1 at 64.) Indeed, Plaintiff describes it as "a claim of discrimination with the State of Michigan Unemployment Insurance Agency." (DE 42 at 17, 22; see also DE 42 at 28.) Nor does a claim for unemployment benefits equate with a "claim or lawsuit" for civil rights violations "arising out of [Plaintiff's] employment with, or [Plaintiff's] application for employment with, MGM Grand...." (DE 40-4 at 2.) Significantly, it does not appear that Plaintiff filed a "Complaint of Discrimination" with the Michigan Department of Civil Rights (MDCR), a state department which enforces Michigan's Elliott-Larsen Civil Rights Act ( Mich. Comp. Laws §§ 37.2101 - 37.2804 ) and Persons with Disabilities Civil Rights Act ( Mich. Comp. Laws §§ 37.1101 - 37.1607 ). See http://www.michigan.gov/mdcr/0,4613,7-138-42240_43561---,00.html.
I am persuaded that, "[b]ecause the EEOC retains exclusive jurisdiction of the subject matter of a charge for 180 days, the submission of an EEOC charge should count, for the purpose of a contractual six-month limitation, as the commencement of an action." Brown , 2013 WL 119395, at *3 n.1 (referencing Fritz ) (in a case where Plaintiff alleged retaliation claims under Title VII and the Equal Pay Act and submitted her EEOC discrimination charge 60 days after her separation). In a sense, this approach gives Plaintiff the benefit of the doubt, as "[t]he filing of an EEOC charge is not the commencement of an 'action or suit' or 'judicial proceeding.' " Smithson , 2016 WL 465564, at *5 n.5 ("Numerous courts within this circuit have specifically held that the filing of an EEOC charge was not the commencement of an action or suit in the context of contract provisions limiting the time for initiating a lawsuit."); see also Brown , 2013 WL 119395, at *3 n.1 (" 'Commence any action or other legal proceeding' appears to mean 'commence any lawsuit, regardless of forum' rather than 'raise any claim or cause of action.' ") (quoting Black's Law Dictionary 28 (6th ed.1990) ).
Having the submission of any EEOC charge "count" for the purpose of a contractual six-month limitation is also consistent with the contractual language at issue here, which references the filing of "any claim or lawsuit arising out of my employment...." (DE 40-4 at 2 (emphasis added).) While the filing of an EEOC charge is not the same as the filing of a lawsuit or the commencement of an action, it is certainly more akin to the filing of a "claim" in the sense that, "[t]he most natural reading of these provisions [in 42 U.S.C. §§ 2000e-5(b), (e)(1) ] is that the first is intended to be definitional, defining a 'charge' as an allegation of discrimination...." Edelman v. Lynchburg College , 535 U.S. 106, 120, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002) (O'Connor, J., concurring). A "claim," in turn, is defined as "[t]he assertion of an existing right[.]" Claim , Black's Law Dictionary (10th ed.
*885 2014). A claim necessarily involves making allegations. An EEOC charge under Title VII makes an allegation of discrimination (on one or more of several eligible bases) and, in so doing, essentially asserts an existing right to be free from discrimination. Once the EEOC relinquishes its jurisdiction by issuing a notice of right to sue letter, a plaintiff would have whatever time is remaining under the contractual limitations period in which to file suit.
Reconciling the ostensive conflict in the case law of both the Sixth Circuit and the Eastern District of Michigan, but applying the common principles which emerge from it, it is clear that if Plaintiff had pursued her EEOC charge within the 180 day filing period described in § 2000e-5(e)(1), the EEOC would have had "exclusive jurisdiction over the subject matter of the charge for 180 days after the filing of the charge. " Lewis , 241 F.Supp.2d at 772 (citing Frank's Nursery & Crafts, Inc. , 177 F.3d at 456 (emphasis added) ). That is, once the charge has been filed, the EEOC may consider it for up to another 180 days before the aggrieved party may seek to file suit on his or her own. 42 U.S.C. § 2000e-5(f)(1). In other words, the contractual limitation would have been equitably tolled while the EEOC maintained exclusive jurisdiction. In this case, Plaintiff did not file her EEOC charge within 180 days of her employment separation, or, for that matter, within the six-month contractual limitation period (which is equivalent to 182.5 days in a non-leap year). Had she filed her charge soon after her employment separation, the EEOC might have made short shrift of it, as occurred in Smithson , leaving her a comfortable window of whatever remained of the six-month contractual period once it started to run again, within which to file a timely lawsuit. Had she waited until the 179th day to file her charge, she would have gained at least three days of breathing room to file suit once her right to sue letter issued (182.5 days, minus 179 days).[4] Instead, Plaintiff waited until 216 days after her separation to file her EEOC charge. The EEOC's jurisdiction not having been brought into play until after the six-month contractual limitation period for filing a claim or lawsuit had run, and well after the 180 days provided by statute, she ought not receive the benefit of equitable tolling.
Admittedly, the equitable tolling approach has not been articulated in any of the above-cited cases; however, it seems to account for this Court's previously expressed concerns, harmonizing several core concepts. First, it takes into account the fact that "both Michigan state courts and federal courts applying Michigan law consistently uphold similar 180-day statutes of limitation in employment cases, whether they allege federal or state claims." Fritz , 835 F.Supp.2d at 380 (referencing several cases). They have done so, because such a limitation is considered neither inherently unreasonable nor so extreme as to shock the conscience.
*886 Clark v. DaimlerChrysler Corp. , 268 Mich. App. 138, 144, 706 N.W.2d 471, 475 (2005) ; Wright v. DaimlerChrysler Corp. , 220 F.Supp.2d 832, 839 (E.D. Mich. 2002) (Edmunds, J.).
Second, the equitable tolling approach squares with and honors the oft-repeated pronouncements of this Court that the EEOC "maintains exclusive jurisdiction ... for 180 days after the filing of the charge. " Lewis , 241 F.Supp.2d at 772 (citing Frank's Nursery & Crafts, Inc. , 177 F.3d at 456 ) (emphasis added); Fritz , 835 F.Supp.2d at 381 ("for 180 days after the filing of a charge , the EEOC retains 'exclusive' jurisdiction....") (emphasis added); see also, General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission , 446 U.S. 318, 326, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980) ("[T]he aggrieved person may bring his own action at the expiration of the 180-day period of exclusive EEOC administrative jurisdiction....")
Third, equitable tolling alleviates the concern expressed in Lewis that upholding a six-month limitation of action "would have the effect of abrogating Plaintiff's ability to bring a Title VII suit." Lewis , 241 F.Supp.2d at 772. Protected by equitable tolling-effectively, treating the filing of the EEOC charge as the commencement of an action, or in this case, as the "filing of a claim"-a plaintiff who files her EEOC charge within 180 days of the discriminatory conduct (under § 2000e-5(e)(1) ) would preserve her right to file suit (in accordance with the contractual limitations period) while the EEOC conducts its investigation (under § 2000e-5(f)(1) ).
Fourth, as the Court pointed out in Smithson , the EEOC does not "always retain[ ] jurisdiction over a charge for a period of 180 [days] after the filing of any charge[.]" Smithson , 2016 WL 465564, at *4 n.4. A blanket rule that refuses to enforce any contractual limitations period which is less than 180 days fails to take into consideration the fact that an EEOC charge, investigation, and issuance of a right to sue letter may all occur well before six months has passed. Of course, any contractual limitation period which is less than 180 days would still be subject to judicial scrutiny for reasonableness.
Fifth, equitable tolling is consistent with the observation made in Brown that "the submission of an EEOC charge should count, for the purpose of a contractual six-month limitation, as the commencement of an action." Brown , 2013 WL 119395, at *3 n.1.
Finally, it is important to note, at least for purposes of this case, that the 180-day time period for filing a charge with the EEOC under 42 U.S.C. § 2000e-5(e)(1) is slightly shorter than the six months (182.5 days or 183 days in a leap year) provided in this contract. Thus, the conclusion in Fritz that "any period of 180 days or less is preempted by the EEOC's period of exclusive jurisdiction and necessarily precludes any judicial consideration of Plaintiff's claim" need not be addressed here. Fritz , 835 F.Supp.2d at 383 (emphasis added). In the instant matter, the contract at issue provided more than 180 days for filing a claim or lawsuit. More to the point, by equitably tolling the timeclock spelled out in the contract, had this plaintiff filed her EEOC charge at any time within 180 days after the alleged unlawful employment practice occurred, she would not have been precluded from any judicial consideration under the six-month limitation period (assuming she filed her lawsuit within the remaining portion of the contractual period once the EEOC's period of exclusive jurisdiction had expired).
Here, Plaintiff agreed to file "any claim or lawsuit ... no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit." (DE 40-4 at 2.) Working from the *887 latest date covered by her complaint-the December 4, 2014 termination of the employment relationship-any claim or lawsuit regarding this event (or, giving Plaintiff the benefit of the doubt, any EEOC charge regarding same) should have been filed on or about June 4, 2015. Stated otherwise, even treating Plaintiff's July 8, 2015 submission of her EEOC charge as the filing of her "claim" or "commencement of an action" (instead of the February 17, 2016 filing of her complaint in this Court), or, applying equitable tolling upon the filing of an EEOC charge, Plaintiff's action was around 34 days late under the agreed upon six (6) month statute of limitations.
E. Conclusion
The agreement between Plaintiff and Defendant to limit the statute of limitations to six (6) months is enforceable but must take into consideration the EEOC's period of exclusive jurisdiction. More than six months passed between the termination of Plaintiff and Defendant's employment relationship and Plaintiff's filing of her EEOC charge. In other words, the statute of limitations expired before Plaintiff invoked the EEOC's period of exclusive jurisdiction. If the Court agrees with these conclusions, then it need not address: (a) the timeliness of Plaintiff's July 8, 2015 EEOC charge under 42 U.S.C. § 2000e-5(e)(1) as to the 2009-2014 time period at issue in Plaintiff's complaint, or (b) the merits of Plaintiff's Title VII sex and retaliation discrimination claims.
Accordingly, the Court should GRANT Defendant's July 13, 2017 motion for summary judgment (DE 40) and dismiss with prejudice the claims set forth in Plaintiff's complaint (DE 1). However, the Court should deny Defendant's request for an award of costs and attorney fees associated with this motion (see DE 40 at 3, 32), as the issues on which this recommendation is based merited review by the Court.
III. PROCEDURE ON OBJECTIONS
The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn , 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ; Howard v. Sec'y of Health & Human Servs. , 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Sec'y of Health & Human Servs. , 931 F.2d 390, 401 (6th Cir. 1991) ; Smith v. Detroit Fed'n of Teachers Local 231 , 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.
Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2) ; E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.
Dated: February 12, 2018

Notably, Plaintiff also did not include this conduct in her EEOC complaint, which identifies the conduct complained of as occurring between September 12 and December 14, 2014. (See ECF No. 40-17 at Pg ID 779.)

Cf., Ellison v. DaimlerChrysler Corp. , No. 3:06 CV 899, 2007 WL 3171758, at *5 (N.D. Ohio Oct. 30, 2007) ("It is apparent, then, that the Thurman court applied its reasoning vis-a-vis the six-month contractual limitation period as a basis for dismissal to Title VII claims such as the ones before this Court.") (dicta).

"In 'deferral states' such as Michigan, a claimant must either file a charge with the EEOC within 180 days after the alleged discrimination occurred, or within 300 days if the claimant has 'initially instituted proceedings with a State or local agency with authority to grant relief from such practice. ' " Fritz , 835 F.Supp.2d at 383 (quoting Lewis , 241 F.Supp.2d at 771 ) (emphasis added). There is no evidence here that Plaintiff filed a complaint or charge with the Michigan Civil Rights Commission or any other agency with authority to grant relief from such practices, notwithstanding her filing for unemployment benefits. Thus, the Court need not hypothetically consider what effect such a filing would have had upon the six-month contractual limitations period at issue here. In any case, the time for making such a filing has long passed.

Of course, it cannot be said with certainty how long it will take the EEOC to consider any given charge. Relatedly, a court may have to consider how a case should proceed if the EEOC takes more than 180 days to act under 42 U.S.C. § 2000e-5(f)(1). In addition, a court may someday have to visit whether Section 2000e-5(f)(1)'s post-notification 90-day period to file suit is, itself, subject to contractual limitation or should trigger equitable tolling. See, e.g. , Ann K. Wooster, Annotation, Tolling of Time Period for Bringing Title VII Action Under § 706 of Civil Rights Act of 1964 (42 U.S.C.A. § 2000e-5(f)(1) , 21 A.L.R. Fed. 2d 65 (2007) ("Equitable tolling of the 90-day time period is reserved for situations in which a claimant has made a good faith error, and there will be no such tolling where a claimant is aware of the filing requirements, yet fails to file a timely complaint due entirely to a lack of diligence."). Fortunately, these issues need not be considered here.